UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, : NO. 21 CR. 673 (ALC)

             : ORDER APPOINTING
   v.             JULIE DE ALMEIDA AS
PERRY JOYNER,         : COORDINATING DISCOVERY
MARIO FELICIANO,          ATTORNEY
SHARON GRIFFITH- MCKNIGHT,  :
DONNELL MURRAY,
a/k/a " Don P,"          :
MARKEEN JORDAN,
a/k/a " Kingo ,"          :
ANTHONY ELLISON,
a/k/a "Harv,"           :
TYRELL SUMPTER,
a/k/a " Rell ,"           :
KEVIN CROSBY,
a/k/a " Sama,"          :
DAVID VALERIO ,
a/k/a " Santana,"
a/k/a " Bando,"          :
VIRGILIO ACEVEDO DE LOS
SANTOS ,
a/k/a "Jairo Taveras ,"
a/k/a " Junior," and
STARLIN NUNEZ,
a/k/a " Chino,"
a/k/a " Junior,",

Defendants.

------------------------------------------------X

It is hereby **ORDERED** that Julie de Almeida is appointed as Coordinating Discovery Attorney for court-appointed defense counsel.

The Coordinating Discovery Attorney shall oversee any discovery issues that are common to all of the defendants. Her responsibilities will include:

1

- Managing and, unless otherwise agreed upon with the Government, distributing global discovery produced by the Government and relevant third party information common to all defendants;

- Assessing the amount and type of case data to determine what types of technology should be evaluated and used so that duplicative costs are avoided and the most efficient and cost-effective methods are identified;

- Acting as a liaison with federal prosecutors to ensure the timely and effective exchange of global discovery;

- Identifying, evaluating, and engaging third-party vendors and other litigation support services;

- Assessing and further identifying any additional vendor support that may be required—including copying, scanning, forensic imaging, data processing, data hosting, trial presentation, and other technology depending on the nature of the case;

- Identifying any additional human resources that may be needed by the individual parties for the organization and substantive review of information; and

- Providing technological training and support services to the defense teams as a group and individually.

Therefore, the Coordinating Discovery Attorney shall assess the most effective and cost-efficient manner to organize the global discovery with input from defense counsel.

Discovery issues specific to any particular defendant shall be addressed by defense counsel directly with the Government and not through the Coordinating Discovery Attorney. The Coordinating Discovery Attorney's duties do not include providing additional representation services and therefore will not be establishing an attorney-client relationship with any of the defendants.

The Government shall provide global discovery to the Coordinating Discovery Attorney unless otherwise agreed. To avoid delay in providing global discovery to defense counsel, any additional global discovery not already produced shall be provided directly to the Coordinating Discovery Attorney, who shall duplicate and distribute the global discovery to all defense

counsel. The Government shall work with the Coordinating Discovery Attorney to provide global discovery in a timely manner.

The Coordinating Discovery Attorney shall petition this Court, ex parte, for funds for outside services and shall monitor all vendor invoices for these services including confirming the work was previously agreed to be performed. However, her time and the time spent by her staff will be paid by the Administrative Office of the U.S. Courts, Defender Services Office. All petitions for outside services shall include a basis for the requested funds and a determination that the costs of the services are reasonable.

DATED this \_\_\_1st\_\_\_ day of December 2021.

Honorable Judge Andrew L. Carter
U.S. District Judge