USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12-28-21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     PROTECTIVE ORDER

       -v.-                       :     21 Cr. 673 (ALC)

PERRY JOYNER,                     :
MARIO FELICIANO,
SHARON GRIFFITH-MCKNIGHT,         :
DONNELL MURRAY,
    a/k/a "Don P,"                :
MARKEEN JORDAN,
    a/k/a "Kingo,"                :
ANTHONY ELLISON,
    a/k/a "Harv,"                 :
TYRELL SUMPTER,
    a/k/a "Rell,"                 :
KEVIN CROSBY,
    a/k/a "Sama,"                 :
DAVID VALERIO,
    a/k/a "Santana,"              :
    a/k/a "Bando,"
VIRGILIO ACEVEDO DE LOS           :
SANTOS,
    a/k/a "Jairo Taveras,"        :
    a/k/a "Junior," and
STARLIN NUNEZ,                    :
    a/k/a "Chino,"
    a/k/a "Junior,"               :

            Defendants.       :

- - - - - - - - - - - - - - - - x

    On the motion of the United States of America, by the United States Attorney for the Southern District of New York, Damian Williams, by Assistant United States Attorneys Aline Flodr, Jonathan Rebold, and Daniel Wolf; with the consent of the defendants who have signed this Order by and through their respective counsel of record (together with the defendants and any

agents of counsel of record, the "Defense"), and having requested discovery under Fed. R. Crim. P. 16(a), the Court hereby finds and orders as follows:

WHEREAS, the Government will make disclosure to the Defense of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Protected Materials";

WHEREAS, the Government's Protected Materials may include material that (i) affects the privacy, confidentiality and safety of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (iii) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case, all of which will be referred to herein as "Sensitive Materials";

WHEREAS, the Government's Protected Materials may include information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein, all of

which will be referred to herein as "Attorneys' Eyes Only Materials";

WHEREAS, the Government recognizes its obligation to provide such disclosure materials to the defendants, consistent with the need to protect the confidentiality of ongoing investigations and the confidentiality interests of others;

WHEREAS, the Government has demonstrated good cause for the relief set forth herein;

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d)(1) of the Federal Rules of Criminal Procedure:

1. "Protected Materials" may be used by the Defense only for purposes of defending the charges, in connection with any sentencing, and pursuing any appeals, in relation to the above-referenced case.

2. The Protected Materials and the information contained or disclosed therein shall not be:

   a. Disclosed in any form by the Defense to any third party or the media, except as set forth in paragraphs 3 and 4 below; and

   b. Posted to any Internet site or network site to which persons other than the parties hereto have access.

3. The Protected Materials and the information contained or disclosed therein may be disclosed to third parties only by the

defendant's respective counsel of record, including successor counsel, and only to the following persons (collectively, "Designated Persons"):

    a. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendant's respective counsel of record and who are participating in the legal defense of this action;

    b. independent expert witnesses, jury consultants, document hosting personnel, or investigators retained by the defendants in connection with this action; and

    c. such other persons as hereafter may be authorized in writing by the Government; and

    d. such other persons as hereafter may be authorized by the Court upon a motion by the defendant;

    4. The Defense may show (but not otherwise provide) the Protected Materials to fact witnesses ("Fact Witnesses") interviewed by the defendant's respective counsel of record or by the Designated Persons in the course of investigating the above-captioned case.

    5. Materials designated as "Sensitive Materials" by the Government and disclosed to the defendant's respective counsel of record during the course of the above-captioned case, shall be subject to the conditions applicable to Protected Materials, with the exception that the Sensitive Materials may be shown to the

defendant, but not otherwise provided to the defendant or maintained in the defendant's possession.

6. Materials designated as "Attorneys' Eyes Only Materials" by the Government during the course of the above-captioned case, shall be subject to the conditions applicable to Protected Materials, shall not be disclosed to or possessed by any defendant, and may be disclosed only to defendant's respective counsel of record or Designated Persons identified in paragraph (3) above. If, and only if, the Government subsequently identifies any particular Attorneys' Eyes Only Materials as a statement or report of a witness, pursuant to 18 U.S.C. § 3500, such Attorneys' Eyes Only Materials may not be disclosed to any defendant who remains in the case until the latter of two weeks before that particular defendant is to commence trial or the Government's identification of testifying witnesses.

7. Any member of the Defense or Designated Persons are precluded from publicly disclosing or disseminating the identity of any non-law enforcement witness, including but not limited to cooperating witnesses or witnesses who otherwise were interviewed by the Government by virtue of those witnesses having been inmates at the Metropolitan Correctional Center, referenced in the Protected Materials, Sensitive Materials, or Attorneys' Eyes Only Materials, until the latter of two weeks before that particular

defendant is to commence trial or the Government's identification of testifying witnesses.

8. The Government may authorize, in writing, disclosure of materials beyond that otherwise permitted by this Order without further Order of this Court.

9. The Defense shall provide a copy of this Order to Designated Persons to whom materials subject to the protections of this Order are disclosed pursuant to paragraph (3), or Fact Witnesses to whom materials subject to the protections of this Order are shown pursuant to paragraph (4). Designated Persons and Fact Witnesses shall be subject to the terms of this Order.

10. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, with respect to any disclosure material designated as Sensitive Materials or Attorneys' Eyes Only that the Defense intends to file publicly or to specifically describe in a public filing, the defendant making the filing must either (i) file the disclosure material under seal, or (ii) provide reasonable notice to the Government to permit the parties to confer on the proper treatment of the disclosure material.

11. Any disputes that cannot be resolved among the parties regarding (a) redactions to public filings or the extent of such redactions, (b) the designation of disclosure material as

Protected Materials, Sensitive Materials, Attorneys' Eyes Only Materials, or (c) any other dispute concerning this Order, will be brought to the Court for a ruling before any public disclosure not permitted by this Order is made.

12. Except for disclosure material designated as Protected Materials, Sensitive Materials, or Attorneys' Eyes Only, that has been made part of the record of this case, the Defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for collateral relief, including but not limited to relief pursuant 18 U.S.C. § 2255; the period for direct appeal from any verdict in the above-captioned case; the period for direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant or information independently investigated and discovered by the Defense.

14. Julie de Almeida, the court-appointed Coordinating Discovery Attorney (CDA), may disclose, make copies of, or reveal the contents of such materials to the defendant's respective counsel of record and to her employees who are assisting in the

preparation and dissemination of such materials, and to third party vendors she may deem necessary to retain to process the discovery she receives, all in furtherance of fulfilling her duties and obligations under this Court's November 21, 2021 Order appointing Ms. de Almeida as CDA. Ms. de Almeida shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms, and she shall instruct such other persons that further disclosure is prohibited.

15. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated:   New York, New York
         December 2**7**, 2021

SO ORDERED:

*/s/ Andrew L. Carter, Jr.*
THE HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney

by:   /s/ Aline R. Flodr
    Date: December 9, 2021
    Aline R. Flodr/ Jonathan E. Rebold/ Daniel H. Wolf
    Assistant United States Attorneys


*Richard Palma*
Date: DECEMBER 10, 2021
Richard Palma, Esq.
Counsel for SHARON GRIFFITH-MCKNIGHT

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney

by:   /s/ Aline R. Flodr
    Date: December 9, 2021
    Aline R. Flodr/ Jonathan E. Rebold/ Daniel H. Wolf
    Assistant United States Attorneys


_____
Date:
David Touger, Esq.
Counsel for MARKEEN JORDAN

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney

by:   /s/ Aline R. Flodr
    Date: December 9, 2021
    Aline R. Flodr/ Jonathan E. Rebold/ Daniel H. Wolf
    Assistant United States Attorneys


*Dawn Florio*

Date:
Dawn Florio, Esq.
Counsel for KEVIN CROSBY

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney

by:   /s/ Aline R. Flodr
    Date: December 9, 2021
    Aline R. Flodr/ Jonathan E. Rebold/ Daniel H. Wolf
    Assistant United States Attorneys

Date:
Thomas Dunn, Esq.
Counsel for STARLIN NUNEZ