```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12-16-22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
 :
UNITED STATES OF AMERICA :
 : CONSENT PRELIMINARY ORDER
 - v. - : OF FORFEITURE/
 : <u>MONEY JUDGMENT</u>
PERRY JOYNER, :
 : 21 Cr. 673 (ALC)
           Defendant. :
 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about November 3, 2021, PERRY JOYNER (the "Defendant"), among others, was charged in an Indictment, 21 Cr. 673 (ALC) (the "Indictment"), with, *inter alia*, conspiracy to commit honest services wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, on or about December 14, 2022, the Defendant pled guilty to Count Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $77,894 in United States currency,

representing proceeds traceable to the commission of the offense charged in Count Two of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $77,894 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Aline R. Flodr, Jonathan E. Rebold, and Daniel H. Wolf, of counsel, and the Defendant and his counsel, Susan Walsh, Esq., that:

1. As a result of the offense charged in Count Two of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $77,894 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant PERRY JOYNER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          12/14/22
ALINE R. FLODR / JONATHAN E. REBOLD /        DATE
DANIEL H. WOLF
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1110 / 2512 / 2337


PERRY JOYNER

By: _____          12/14/22
PERRY JOYNER                                 DATE

By: _____          12/17/22
SUSAN WALSH, ESQ.                            DATE
Attorney for Defendant
Vladeck Raskin & Clark, PC
565 5th Avenue, 9th Floor
New York, New York 10017


SO ORDERED:

_____              12/14/22
HONORABLE ANDREW L. CARTER, JR.              DATE
UNITED STATES DISTRICT JUDGE